### FINCH *against* BISHOP and another.

It is not necessary, in order to effect a transfer of title to real estate, by the levy of execution, that it be stated in the officer's return, that the execution and return were recorded in the town-clerk's office ; it being sufficient that they were in fact so recorded, the proper evidence of which, is the town-clerk's certificate.

THIS was an action of ejectment ; tried at *New-Haven, January* term, 1840, before *Church,* J.

On the trial, the plaintiff claimed title to the demanded premises, by virtue of the levy of an execution thereon, in his favour against *Wealthy Bishop* ; and in proof thereof, in connexion with other evidence, the plaintiff offered in evidence an authenticated copy of the record of the judgment, on which such execution issued and of the execution itself, duly returned into the office of the clerk of the court, with the endorsement of the officer who levied it, and the certificate of the town-clerk of the town of *Cheshire.* That part of the officer's return, which is material in this case, was as fol-

lows: " I do, therefore, on this 10th day of *April*, 1838, by virtue of this execution, and of the statute in such case provided, set off to the creditor within named, all the life estate, as before described, in and to six acres and seven rods, taken off from the *North* part of the land before described, bounded, &c. Said quantity of land, at the appraisement, amounts to the sum of 181 dollars, 27 cents, the same as the amount of debt and costs of this execution, and of my fees for the levying of this execution, and of setting off the life estate of the within named debtor in said land. The free-holders, so appointed as aforesaid, delivered to me their appraisement of the life estate of the within named debtor in the land, as before described, in writing, with their own proper names thereunto subscribed, estimating the value of said life estate at 30 dollars an acre. Fees; levy, 17 cents, &c., recording, 67 cents ; causing to be recorded, 34 cents ; making endorsement, 1 dollar ; in the whole, 14 dollars, 8 cents. Attest, *William Peck*, constable of *Cheshire*."

The certificate of the town-clerk, annexed to the officer's return, was in these words: " Recorded on *Cheshire* town records, No. 16, page 517, by *William L. Foot*, Town Clerk." " Received for record, *May* 17th, 1838: Recorded, *May* 21st, 1838. By P. A. G. Clerk."

The defendants objected to the admission of this evidence, on the ground that the endorsement of the officer did not describe, with sufficient certainty, the land set off to the plaintiff on the execution ; and also, on the ground that it was not stated in the endorsement, that the execution and endorsement were recorded in the records of the town ; and that the certificate of the town-clerk thereon, returned by the officer with his endorsement, did not dispense with the necessity of such statement.

The court sustained the second objection urged by the defendants, and rejected the evidence.

The jury thereupon returned a verdict for the defendants; and the plaintiff moved for a new trial.

*Baldwin*, in support of the motion, contended, 1. That it need not appear from the officer's return, that the execution and return were recorded in the town-clerk's office. The

*New-Haven,*
*July, 1840.*

Finch
*v.*
Bishop.

statute relating to civil actions (*sec.* 67.) makes it the duty of the officer to cause the execution to be recorded, with the appraisal and his proceedings endorsed. The statute relative to town-clerks (*sec.* 3.) makes it the duty of the town-clerk to record all executions levied on land, returned to him, by an officer, to be recorded. No statute requires the officer to attest officially any acts but his own. The town-clerk has power, and it is his duty, to authenticate his own acts. The officer's endorsement is, necessarily, complete, before the record is made; and the only evidence of the recording, which can appear on the town records, is the record itself, with the town-clerk's certificate.

2. That if the officer is required to attest the recording &c., it is sufficient to append the town-clerk's certificate to his return, thereby adopting it and making it a part of such return. 7 *Conn. Rep.* 350. 367. *Williams* v. *Amory,* 14 *Mass. Rep.* 28. 29.

*C. A. Ingersoll,* contra, contended, 1. That to make a transfer of title, by levy of an execution, effectual, all the requirements of law must be strictly observed. If any of them are neglected, the transfer is not complete. *Metcalf* v. *Gillet,* 5 *Conn. Rep.* 400. *Hobart* v. *Frisbie,* 5 *Conn. Rep.* 592. *Mitchell* v. *Kirtland,* 7 *Conn. Rep.* 329.

2. That the recording of the execution, with the officer's proceedings, in the town-clerk's office of the town where the land levied on lies, is an essential requisite, without which there can be no transfer of title. *Coe* v. *Stow,* 8 *Conn. Rep.* 536.

3. That no evidence other than the officer's return can be introduced to prove that the requirements of the law have been observed. It must, therefore, appear from the officer's return, that he has caused the execution, with his proceedings, to be recorded in the town-clerk's office. *Kellogg* v. *Wadhams,* 9 *Conn. Rep.* 201. *Isham* v. *Downer,* 8 *Conn. Rep.* 282. *Metcalf* v. *Gillett,* 5 *Conn. Rep.* 400. *Booth* v. *Booth,* 7 *Conn. Rep.* 350. *Mather* v. *Chapman,* 6 *Conn. Rep.* 54.

4. That in this case, it does not appear from the officer's return on the execution, that he caused the execution, with his proceedings to be recorded in the town-clerk's office.

Consequently, there was no transfer of title, by the levy of the execution.

WAITE, J. The defendants, in the court below, objected to the admission of the execution offered in evidence, because it was not stated in the endorsement of the officer, that it was recorded in the records of the town; and claimed, that the certificate of the town-clerk did not dispense with the necessity of such statement. Upon this objection alone, the evidence was excluded.

The statute provides, that "it shall be the duty of the officer to cause such execution, with his proper endorsement thereon, of such appraisal and his proceedings, to be recorded at length, in the records of the town, where the lands or real estate lie." *Stat.* 58. *tit.* 2. *s.* 77. Another statute directs, that "there shall be kept in every town proper books, in which shall be registered and recorded at length, by the town-clerk, all deeds &c., and also all executions levied on lands or tenements, returned to him, by the officers levying the same, to be recorded." *Stat.* 459. 460. *tit.* 103. *s.* 3.

The proceedings referred to evidently are those acts, which precede the return to the town-clerk; such as the demand of payment, the levy, the appointment of appraisers, and the manner of applying the real estate in satisfaction of the execution. Having performed these, and made his endorsement of the appraisal and his proceedings, he returns the execution, with the endorsement, to the clerk, who is required by law to record them. There is no law requiring the officer to make more than one endorsement upon the execution; and that endorsement must be completed, before the execution is delivered to the clerk to be recorded. There would be a manifest impropriety in the officer's stating in his endorsement, which is made under his official oath, that the execution had been recorded, before the record has actually been made, or the execution delivered to the clerk for that purpose. The legislature could not have contemplated the requirement of such an act.

But further, the officer has nothing to do with the recording. His business is to deliver the execution to the clerk, who is required by the statute, to make the record. There would, therefore, be a further impropriety in requiring him to certify, under his official oath, that the execution and en-

*New-Haven,*
*July, 1840.*

Finch
*v.*
Bishop.

dorsement had been recorded at length, when the law requir-ed another public officer to do the act. ` He could indeed certify, that he had delivered the execution to the clerk; but he could not consistently certify, that it had been record-ed at full length, without a personal examination of the re-cord, which the law does not make his duty. As the record is to be made by the clerk, his certificate, as in other cases, is the proper evidence of the fact.

The rejection of the execution as evidence in the cause, for the reason assigned, was, in our opinion, erroneous; and we, consequently, advise a new trial.

In this opinion the other Judges concurred.

New trial to be granted.